# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Leda Dunn Wettre |
| | : | |
| v. | : | Mag. No. 26-13110 |
| | : | |
| MARIANO ANTHONY PEREZ | : | **CRIMINAL COMPLAINT** |

 

I, Special Agent Susie Rosa, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## SEE ATTACHMENT A

I further state that I am a Special Agent with Homeland Security Investigations ("HSI"), a law enforcement agency within the U.S. Department of Homeland Security, and that this complaint is based on the following facts:

## SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

*SA Susie Rosa*
_____
Susie Rosa, Special Agent
U.S. Department of Homeland
Security
Homeland Security Investigations

Special Agent Rosa attested to this Affidavit by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this __8th__ day of June, 2026.

*Hon. Leda Dunn Wettre*
_____
Hon. Leda Dunn Wettre
United States Magistrate Judge

## ATTACHMENT A

### Count One
### (Assaulting, Resisting, and Impeding Certain Officers or Employees)

On or about June 5, 2026, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**MARIANO ANTHONY PEREZ,**

did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, namely, Victim-1, as described in Attachment B, while Victim-1 was engaged in and on account of the performance of Victim-1's official duties, and caused physical contact with Victim-1.

In violation of Title 18, United States Code, Section 111(a)(l).

## ATTACHMENT B

I, Susie Rosa, am a Special Agent with Homeland Security Investigations, a law enforcement agency within the U.S. Department of Homeland Security. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, the statements of individuals, and my review of other items of evidence. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.     On or about June 5, 2026, officers of the Department of Homeland Security Investigations, Special Response Team ("HSI") were engaged in official duties relating to security and crowd-control operations during a demonstration near the ICE Delaney Hall Detention Facility ("Delaney Hall" or "Facility"), located on Doremus Avenue in Newark, New Jersey. These officers included Victim-1, who, at all times relevant to this Complaint, was a special agent employed by HSI, and thus was an officer or employee of the United States within the meaning of Title 18, United States Code, Section 1114.

2.     As part of their duties, special agents, including Victim-1, were assigned to perimeter enforcement for Delaney Hall. The assignment routinely required the special agents to clear demonstrators from the road leading to and from Delaney Hall for law enforcement vehicles to enter the facility.

3.     While conducting crowd-control operations during the demonstration, on or about June 5, 2026, HSI special agents encountered a crowd of demonstrators on the north side of the road by the facility as well as a smaller group of demonstrators on the south side of the road, the latter of which included defendant Mariano Anthony Perez ("PEREZ").

4.     At approximately 6:30 p.m. on or about that date, several HSI special agents first observed PEREZ walking back and forth past the entrance to the facility. The special agents issued numerous commands to PEREZ to move back, but PEREZ did not respond to these commands.

5.     Minutes later, Victim-1 was standing by the facility entrance while several law enforcement vehicles were attempting to enter the facility. PEREZ attempted to walk past Victim-1 toward the vehicles but was physically pulled back by Victim-1, who told PEREZ in sum and substance that PEREZ could not walk that way. Notwithstanding that directive, PEREZ pushed past Victim-1 and continued walking in that same direction.

6.    Victim-1 followed behind PEREZ and called for PEREZ to stop. Victim-1 then attempted to grab hold of PEREZ. At that point, PEREZ abruptly turned around and punched Victim-1 in the face with a closed fist.

7.    Victim-1 sustained injuries to his upper and lower lip from PEREZ's punch.

8.    The assault was captured on video footage both from publicly accessible social media accounts and from pole cameras in the area, all of which have been reviewed by law enforcement and screenshots of which are shown below (left from pole camera and middle and right from social media):



9.    PEREZ was immediately arrested.

10.    Shortly after PEREZ's arrest, federal law enforcement officers advised PEREZ of his *Miranda* rights, which he waived.

11.    During the post-*Miranda* interview with law enforcement, PEREZ admitted to walking past Victim-1 but claimed, in sum and substance, that "one of [PEREZ's] hands slid up and palm struck [Victim-1] in the face." That account is contradicted by the video sources described and shown above, which clearly show the defendant having used a closed fist to punch Victim-1 in the face.